# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.D., R.D., & L.D.**

**No. 13-0665** (Raleigh County 10-JA-14, 16 & 17)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel G. Todd Houck, appeals the Circuit Court of Raleigh County's order entered on May 29, 2013, terminating her parental rights to her children, S.D., R.D., and L.D. The West Virginia Department of Health and Human Resources ("DHHR"), by Angela Alexander Walters, its attorney, filed its response. The guardian ad litem, Anthony Sparacino Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children and refusing to grant an additional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition in May of 2010 based upon allegations of drug addiction, domestic violence, unsanitary living conditions, and medical neglect of the children. In June of 2010, both parents stipulated to being addicted to controlled substances which resulted in the neglect of the infant children and received a post-adjudicatory improvement period that immediately began. The parents relocated to Parkersburg, West Virginia, in order to attend a long-term in-patient drug rehabilitation program. The parents showed improvement over the ensuing months, so the DHHR found that the parents had reasonably completed their family case plan and approved their housing pending the completion of their treatment. Based on the DHHR's finding, by March of 2011, the children were living with their mother in Parkersburg.

On April 28, 2011, however, petitioner and her husband, the children's father, violated the rules of their treatment facility housing when petitioner permitted her husband to stay at her apartment. The father also permitted other participants in the program to utilize his apartment in order to have sexual relations. Two days later, recovery workers from the substance abuse program went to the parents' home where petitioner appeared to be under the influence of drugs and the children were naked and stated they were cold. On May 1, 2011, Child Protective Services ("CPS") received a call alleging that petitioner was under the influence of drugs and had been arrested for being on the street nearly naked, yelling that her baby was the devil and

1

threatening to kill her husband and children. All three of the children were present during the incident and were observed by CPS workers to be unclean. In May of 2011, the DHHR filed an amended petition for abuse and neglect including the aforementioned allegations from April and May of 2011. In September of 2011, the circuit court refused to extend petitioner's improvement period, but the case was continued several times between September of 2011 and October of 2012, when the children's paternal grandparents were considered as a placement possibility, but were eventually found to be inappropriate.[1]

In May of 2013, the circuit court completed testimony of all parties and directed the parents to submit to a drug screen. When the circuit court ordered drug tests of the parents, both parents ran to public restrooms to avoid the bailiff. When the parents were returned and the hearing resumed, each parent admitted to taking Lortab on various occasions. Petitioner testified that she moved to Kentucky to be near her husband's parents where she enrolled in college and passed her courses, and had visited her children every two weeks since moving there. In May of 2013, after a dispositional hearing, the circuit court entered an order terminating the parents' parental rights. The circuit court found that the parents had missed eight of thirteen visits with the children between October of 2012 and January of 2013, and that on one occasion petitioner appeared to be under the influence of narcotics and appeared to have track marks on her arm; that the parents failed to meet the requirements and goals of the family case plan; that the parents did not complete drug rehabilitation; and that the parents were unwilling or unable to adequately respond to the basic needs of the children. The circuit court also found there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected in the near future. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court wrongfully denied an extension of her

---

[1] The grandparents appealed the decision to not allow the children to be placed in their home in Case No. 13-0646.

improvement period and terminated her parental rights because she had substantially corrected the conditions that were adjudicated as abusive and neglectful. Petitioner argues that, with the exception of using bath salts and Lortab, she had remained drug free. Petitioner further disputes her discharge from her rehabilitation clinic for permitting her husband to stay at her home in order to have sexual relations with him.

This Court finds that the circuit court was presented with sufficient evidence to find that petitioner did not meet the terms of her improvement period and that there was no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected. A review of the record reveals numerous relapses and noncompliance by petitioner throughout the case. Pursuant to West Virginia Code § 49-6-12(h), circuit courts are directed to "terminate any improvement period . . . when the court finds that respondent has failed to fully participate . . . ." Additionally, the circuit court was not clearly erroneous when it found that there was no reasonable likelihood that the conditions of abuse and neglect will be substantially corrected and that reunification of the parents and children is not in the best interest of the children, due to petitioner's history of drug abuse and relapses throughout the case. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. This Court finds no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II